USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-13-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, :
: **TRANSFER ORDER**
-against- :
: 13 Cr. 58 (AKH)
JANCEY VALLE, :
:
Defendant. :
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Jancey Valle, appearing *pro se*, filed a letter (ECF No. 736) questioning his designation as a career offender under United States Sentencing Guidelines § 4B1.1 in connection with his sentence for conspiracy to commit Hobbs Act robbery. I construe Defendant's letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Carrasco*, 378 F. Supp. 3d 315, 316 (S.D.N.Y. 2019) (construing letter seeking collateral review of sentencing guideline calculation as 28 U.S.C. § 2255 motion). For the reasons that follow, this case is transferred to the Court of Appeals for the Second Circuit.

## BACKGROUND

On January 23, 2013, Valle and numerous codefendants were charged with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 ("Count One"), and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count Two"). Valle's codefendants, but not Valle, were also charged with possessing, or aiding and abetting the possession of, firearms in connection with (i) "a drug trafficking crime . . . , namely, the narcotics conspiracy charged in Count One" and (ii) "a crime of violence . . . ,

namely, the robbery conspiracy charged in Count Two," in violation of 18 U.S.C. §§ 924(c)(2) and 924(c)(1)(A)(ii) ("Count Three").

Valle pleaded guilty to Count Two, conspiracy to commit Hobbs Act robbery, before the Honorable Katherine B. Forrest. ECF No. 238. As part of his sentencing, he was designated a career offender under United States Sentencing Guidelines § 4B1.1. ECF No. 378 at 9:10-11. The Court and the parties agreed that the applicable guidelines range was 151 to 188 months' imprisonment. *Id.* at 25:15-22, 34:2-6. Defendant was sentenced to 151 months' imprisonment. ECF No. 353.

This is Defendant's fourth motion to vacate under 28 U.S.C. § 2555. On July 15, 2015, the Court denied Defendant's first motion. ECF No. 552. The Court rejected Defendant's arguments that he received ineffective assistance of counsel and that the indictment was defective. Defendant sought to file a successive 28 U.S.C. § 2555 motion attacking his conviction and sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Second Circuit denied Defendant's motion for leave to file the successive 28 U.S.C. § 2555 motion. ECF No. 606. The case was subsequently reassigned to me. On March 28, 2019, I denied Defendant's third attempt to vacate his sentence, which offered no new grounds for relief. ECF No. 664. Defendant has filed additional letters seeking various forms of relief, including rescission of his plea agreement.

This, Defendant's fourth letter, is based on a new ground. Four of Valle's codefendants, who used a gun to commit their crime, obtained relief from enhanced criminal punishment based on *United States v. Davis*, 139 S. Ct. 2319 (2019). Defendant, who was not charged with using a gun but who received enhanced punishment on a different basis, now asks for similar relief from his enhanced criminal punishment.

2

## DISCUSSION

In the instant motion, Defendant seeks to vacate his sentence in light of *Davis*. Under 18 U.S.C. § 924(c), any person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to additional criminal penalties. In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), which provides that a "crime of violence" includes a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. 139 S. Ct. at 2336. Following *Davis*, conspiracy to commit Hobbs Act robbery is no longer a valid predicate offense for violation of 18 U.S.C. § 924(c). Four of Valle's codefendants have had their Count Three convictions vacated following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] ECF Nos. 675, 692, 704, 723.

Unlike those codefendants, Valle was not convicted for violation of 18 U.S.C. § 924(c). He argues that *Davis* supports the proposition that his conviction for Hobbs Act conspiracy does not qualify as a crime of violence under Federal Sentencing Guidelines Manual § 4B1.1, which governs career offender status. Section 4B1.1 states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Guidelines define a "crime of violence" as a felony that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery,

---

[1] These codefendants' Count Three convictions could not be justified under the drug trafficking predicate because the codefendants were not convicted under Count One and did not plead guilty to Count Three's drug trafficking predicate.

3

arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S. Sentencing Guidelines Manual § 4B1.2(a).

Valle also seeks relief under the "Holloway doctrine." *See United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In *Holloway*, the Court viewed the defendant's sentence as excessive but recognized that there were "no legal avenues or bases for vacating it." *Id.* at 311-15. Lacking any other recourse, the Court requested that the Government agree to an order vacating certain convictions. *Id.* at 314. The Government ultimately agreed not to oppose the defendant's motion to vacate two of his convictions, thus allowing the Court to resentence the defendant. *Id.* at 314-15. I am not empowered to adjust Valle's sentence except upon motion of the Director of the Bureau of Prisons, for specific statutory cause, pursuant to Rule 35, or where the Sentencing Commission has subsequently lowered the applicable sentencing range. 18 U.S.C. § 3582(c); *see also United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). *Holloway* does not change that. *See United States v. Erskine*, No. 05 Cr. 1234-01, 2017 WL 10751237, at *1 (S.D.N.Y. Aug. 18, 2017) ("As multiple district courts have recognized, *Holloway* was not intended to be doctrinal and is not binding on this or any other district court.").

The filing of a second or successive § 2255 motion requires authorization from the appropriate Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The instant motion is a successive motion because it raises claims regarding the same conviction or sentence as a prior motion that was decided on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). When a successive § 2255 motion is filed in the district court without authorization from the Court of Appeals, the appropriate action is to transfer the motion to the Court of Appeals in the interest of justice. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

4

## CONCLUSION

Accordingly, Defendant's motion is transferred to the United States Court of Appeals for the Second Circuit. The Clerk of Court is directed to carry out this order and to mail a copy of this order to the Defendant.

Because the motion makes no substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: February 13, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge