UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————X

UNITED STATES OF AMERICA,

    - against -                        Case No.: 1:13-cr-00058 (AKH)

JANCEY VALLE,
        a/k/a "Chauncey,"

                          Defendant.
———————————————————————————X


### DEFENDANT JANCEY VALLE'S MEMORANDUM OF LAW
### IN REPLY FOR COMPASSIONATE RELEASE


Respectfully submitted,


LAW OFFICES OF
MICHAEL MULLEN
26 Court Street, Suite 1200
Brooklyn, New York 11242
(718) 989-2444
*Attorneys for Defendant*
*Jancey Valle*


Of Counsel:
Michael T. Mullen, Esq.
Leopold Gross, Esq.

# TABLE OF CONTENT

**Contents**                                                                              **Page No.**

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF RELEVANT FACTS REGARDING MR. VALLE'S APPEAL......... 2

    **A.** The Withdrawal Of The Direct Appeal ................................................. 2

    **B.** The First § 2255 Motion ....................................................................... 2

    **C.** The Reconsideration Motion.................................................................. 2

    **D.** The Second § 2255 Motion.................................................................... 3

    **E.** The Third § 2255 Motion....................................................................... 3

    **F.** The Reduction in Sentence Motion........................................................ 3

    **G.** The Letter Motions ................................................................................ 3

    **H.** The Letter Converted To A § 2255 Motion And Transferred To The Second Circuit ................................................................................... 4

**<u>ARGUMENT</u>**.................................................................................................... 4

    **I.** THE SECOND CIRCUIT MOTION SEEKING LEAVE TO FILE A SUCCESSIVE § 2255 MOTION DOES NOT DIVEST THIS COURT OF JURISDICTION. ................................................................................... 4

      **A.** The Issue Before The Second Circuit Is Different Than The Issue Before This Court ........................................................................... 4

      **B.** A "Notice Of Appeal" Has Not Been Filed With The Clerk Of The Court........ 7

      **C.** Alternatively, The Court Should Issue An Indicative Ruling In Favor Of Release ................................................................................... 8

**II.** THE SECTION 3553(A) FACTORS WEIGH IN FAVOR OF RELEASE........... 9

    **A.** Mr. Valle's Rehabilitative Measures Subsequent To Sentencing Weigh In His Favor ........................................................................................................ 9

    **B.** Mr. Valle Having Served The Majority Of His Sentence Weighs In His Favor 10

    **C.** Mr. Valle Being Convicted Of Conspiracy Weighs Against A Finding Of Violence ................................................................................................... 12

    **D.** The BOP Cannot Adequately Protect Mr. Valle, A Vulnerable Inmate ........... 14

CONCLUSION ................................................................................ 15

CERTIFICATE OF SERVICE ......................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Calaff v. Capra*,
  2017 WL 416935 (S.D.N.Y. 2017) .................................................................................... 6

*Fed. Ins. Co. v. United States*,
  882 F.3d 348 (2d Cir 2018) ............................................................................................... 7

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ............................................................................................................. 5

*Loyd v. United States*,
  2020 WL 2572275 (E.D. Mich. May 21, 2020) .............................................................. 11

*Pepper v. United States*,
  562 U.S. 476 (2011) ........................................................................................................... 9

*United States v. Almontes*,
  2020 WL 1812713 (D. Conn. Apr. 9, 2020) ................................................................... 13

*United States v. Almontes*,
  2020 WL 1812713 (D. Conn. Apr. 9, 2020) ................................................................... 11

*United States v. Amarrah*,
  2020 WL 2220008 (E.D. Mich. May 7, 2020) ................................................................ 15

*United States v. Asaro*,
  2020 WL 1899221 (E.D.N.Y. April 17, 2020) ............................................................... 15

*United States v. Atkinson*,
  2020 WL 1904585 (D. Nev. Apr. 17, 2020) ................................................................... 15

*United States v. Barber*,
  2020 WL 2404679 (D. Or. May 12, 2020) ..................................................................... 11

*United States v. Barrenechea*,
  2020 WL 2315638 (N.D. Cal. May 7, 2020) .................................................................. 11

*United States v. Ben-Yhwh*,
  2020 WL 1874125 (D. Haw. Apr. 13, 2020) .................................................................. 15

*United States v. Brown*,
  No. 2:18-cr-00360-KOB-JEO (N.D. Ala. May 22, 2020) ....................................... 10, 12

iii

*United States v. Burrill*,
    2020 WL 1846788 (N.D. Cal., April 10, 2020) .......................................................... 15

*United States v. Carter*,
    No. 1:16-cr-156 (D.D.C. June 10, 2020) .................................................................. 10

*United States v. Davis*,
    2020 WL 1083158 (D. Md. Mar. 5, 2020) ................................................................. 12

*United States v. Defendant(s)*,
    2020 WL 1864906 (C.D. Cal. Apr. 13, 2020) ............................................................ 11

*United States v. Delgado*,
    2020 WL 2464685 (D. Conn. Apr. 30, 2020) ............................................................. 11

*United States v. DeWilliams*,
    No. 1:99-cr-120-REB (D. Colo. June 15, 2020) ........................................................ 13

*United States v. Feucht*,
    Case No. 11-cr-60025 (S.D. Fla. May 28, 2020) ....................................................... 14

*United States v. Fields*,
    2020 WL 2744109 (D. Alaska May 6, 2020) ............................................................... 8

*United States v. Galloway*,
    2020 WL 2571172 (D. Md. May 21, 2020) ................................................................. 10

*United States v. Handy*,
    2020 WL 2041666 (D. Md. Apr. 28, 2020) ................................................................. 11

*United States v. Hurley*,
    63 F.3d 1 (1st Cir. 1995) ............................................................................................... 5

*United States v. Kelley*,
    2020 WL 2850280 (N.D. Cal. June 2, 2020) .............................................................. 10

*United States v. Martin*,
    2020 WL 1819961 (S.D.N.Y. Apr. 10, 2020) .............................................................. 8

*United States v. McCarthy*,
    2020 WL 1698732 (D. Conn. Apr. 8, 2020) .............................................................. 13

*United States v. Mitchell*,
    No. 4:09-cr-00026-RH-CAS (N.D. Fla. Feb. 3, 2020) .............................................. 13

*United States v. Mitchell,*
    No. 4:09-cr-00026-RH-CAS (N.D. Fla Feb. 3, 2020) ................................. 12

*United States v. Outen,*
    286 F.3d 622 (2d Cir. 2002)........................................................................ 4, 5

*United States v. Parker,*
    2020 WL 2572525 (C.D. Cal. May 21, 2020) ........................................ 11, 12

*United States v. Peterson,*
    No. 7:12-cr-15-IBO (E.D.N.C. June 4, 2019)............................................. 10

*United States v. Peterson,*
    No. 7:12-CR-15-IBO (E.D.N.C. June 4, 2019) .......................................... 13

*United States v. Rodgers,*
    101 F.3d 247 (2d Cir. 1996)........................................................................ 4, 5

*United States v. Rodriguez,*
    2020 WL 1627331 (E.D. Pa. Apr. 1, 2020) ............................................... 13

*United States v. Scott,*
    No. 7:98-cr-00079-BO (E.D.N.C. Feb. 5, 2020) .................................. 12, 13

*United States v. Somerville,*
    2020 WL 2781585 (W.D.Pa. May 29, 2020)............................................. 10

*United States v. Taher,*
    2020 WL 3481449 (W.D.N.Y. June 26, 2020)............................................. 8

*United States v. Valencia,*
    2020 WL 1974233 (S.D.N.Y. Apr. 24, 2020)............................................... 8

*United States v. Williams,*
    No. 3:04-cr-00095-MCR-CJK (N.D. Fla. Apr. 1, 2020) ........................ 12, 13

*United States v. Winston,*
    No. 1:13-cr-00639-RDB (D. Md. Apr. 28, 2020)....................................... 11

*Wilson v. O'Leary,*
    895 F.2d 378 (7th Cir. 1990) ........................................................................ 5

**Statutes**

18 U.S.C. § 3582(c)(1)(A) ................................................................................. 9, 10, 11

18 U.S.C. § 3582(c)(1)(A)(i) ................................................................................ 1, 8, 15

28 U.S.C. § 1631 ................................................................................................... 3

28 U.S.C. § 2244(b)(3)(A) ................................................................................... 5

28 U.S.C. § 2255 ............................................................................................ passim

28 U.S.C. §§ 2253(c)(1)(A) ................................................................................. 6

28 USC § 2244(b)(3)(A) ...................................................................................... 3

Federal Rule of Criminal Procedure 37 ............................................................. 7, 8

Federal Rules of Appellate Procedure, Rule 12(a) ............................................. 7

18 U.S.C. § 3553(a) .......................................................................................... 9, 10

18 U.S.C. § 3553(a)(2)(D) ................................................................................... 9

U.S.S.G § 4B.1.1 ................................................................................................. 9

This Memorandum of Law is respectfully submitted in reply to the Government's opposition (Dkt. 749), and in further support of Defendant JANCEY VALLE's ("Mr. Valle") motion seeking his immediate release from custody of the Bureau of Prisons ("BOP"), or, alternatively, home confinement with conditions as the Court deems proper, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## PRELIMINARY STATEMENT

There is a distinction between a "notice of appeal" and a motion in the Court of Appeals seeking leave to file a successive § 2255 motion. A notice of appeal has the affect of divesting a district court of jurisdiction over aspects of the case involved on appeal. A motion in the Court of Appeals for leave to file a successive § 2255 motion does not divest a district court of jurisdiction. Critically, Mr. Valle does not have an appeal pending in the Second Circuit pursuant to a notice of appeal. Mr. Valle only has a motion pending in the Second Circuit seeking leave to file a successive § 2255 motion. As shown below, this does not divest this Court of jurisdiction to entertain the compassionate release motion.

In opposition, the Government extensively relies on the Section 3553(a) factors that existed on February 21, 2014 when Mr. Valle was sentenced, without regard to Mr. Valle's rehabilitative measures undertaken after sentencing. While incarcerated, Mr. Valle has completed a total of 890 hours of course credits, was awarded a GED and a Legal Assistant/Paralegal Diploma. As shown below, Mr. Valle's rehabilitative measures undertaken subsequent to sentencing must also be relied upon in considering compassionate release.

Mr. Valle cannot take basic Covid-19 preventive actions in FCI Gilmer, such as avoiding crowds, staying six feet away from others, keeping surfaces disinfected, and frequently washing his hands or using hand sanitizer in accordance with the CDC guidelines. He should be released.

## STATEMENT OF RELEVANT FACTS
## REGARDING MR. VALLE'S APPEAL

In opposition, the Government argues that because "Defendant currently has a motion pending before the Second Circuit seeking leave to file a successive 18 U.S.C. § 2255 motion" this Court lacks jurisdiction to entertain the compassionate release motion. (Dkt. 749 at 1.) To dispel the notion that "an appeal" is pending in the Second Circuit, we delineate the procedural posture of this case to show what is, and, more importantly, what is *not*, pending on appeal.

### A.  The Withdrawal Of The Direct Appeal

By Order dated January 6, 2015, the Second Circuit granted Mr. Valle's motion to withdraw his appeal of the underlying Judgment of conviction. (Dkt. 505.) There is no appeal pending of Mr. Valle's underlying Judgment of conviction.

### B.  The First § 2255 Motion

By Order dated July 15, 2015, this Court denied Mr. Valle's first § 2255 motion, and declined to issue a certificate of appealability. (Dkt. 552.) Mr. Valle filed a Notice of Appeal of this Order (Dkt. 555), but by Mandate issued January 25, 2016, the Second Circuit dismissed Mr. Valle's appeal of the first § 2255 motion. (Dkt. 564.) There is no appeal pending of Mr. Valle's first § 2255 motion.

### C.  The Reconsideration Motion

By Order dated August 6, 2015, this Court denied Mr. Valle's motion "for reconsideration of his sentence," on grounds that "[t]his Court only has jurisdiction over a collateral challenge of defendant's sentence brought pursuant to 28 U.S.C. § 2255, but defendant raises an argument that may only be properly raised on direct appeal." (Dkt. 556.) This was not a § 2255 motion . Mr. Valle filed a Notice of Appeal of this Order (Dkt. 557), but by Mandate

issued March 11, 2016, the Second Circuit dismissed Mr. Valle's appeal. (Dkt. 566.) There is currently no appeal pending of Mr. Valle's reconsideration motion.

### D. The Second § 2255 Motion

By Order dated June 9, 2016, this Court transferred Mr. Valle's Second § 2255 motion to the Second Circuit on grounds that "[b]efore a second or successive § 2255 motion is filed in the district court, authorization from the appropriate Court of Appeals is required [citing] 28 USC § 2244(b)(3)(A)" and "[i]n the interest of justice, the Court transfer[red] this motion under § 2255 to the United States Court of Appeals for the Second Circuit. [citing] 28 U.S.C. § 1631." (Dkt. 574.) By Mandate issued February 3, 2017, the Second Circuit denied Mr. Valle leave to file a second § 2255 motion. (Dkt. 606.) There is currently no appeal pending of Mr. Valle's second § 2255 motion.

### E. The Third § 2255 Motion

By Order dated March 28, 2019, this Court denied Mr. Valle's Third § 2255 motion. (Dkt. 664.) The ECF system does not show a Notice of Appeal of this Order.

### F. The Reduction in Sentence Motion

By Order dated May 1, 2019, this Court denied Mr. Valle's motion "for Reduction in Sentence" on grounds that the "Defendant was not sentenced under the statutes he invokes…." (Dkt. 666.) This was not a § 2255 motion. The ECF system does not show a Notice of Appeal of this Order.

### G. The Letter Motions

Between June 4, 2019 and September 6, 2019, Mr. Valle filed various letter motions, which were all summarily denied. (Dkt. 668, 677, 678 and 681.) The ECF system does not show a Notice of Appeal on any of these Orders.

### H. The Letter Converted To A § 2255 Motion And Transferred To The Second Circuit

By (undated) letter stamped as received on January 28, 2020, Mr. Valle wrote to the Court because "I have certain questions regarding my conviction." (Dkt. 736 at 1.) By Order dated February 13, 2020, the Court "construe[d] Defendant's letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255." (Dkt. 738 at 1.) But because Mr. Valle has not received "authorization from the Court of Appeals," the "Court transfer[red] the motion to the Court of Appeals in the interest of justice." (*Id*. at 4.)

Mr. Valle got to the Second Circuit through this Court's issuance of its *sue sponte* transfer Order to obtain leave to file a successive § 2255. (Dkt. 738.)[1] Mr. Valle is not before the Second Circuit through a Notice of Appeal that seeks review of this Court's orders.

Defense counsel has searched on Pacer and only found one open docket in the Second Circuit, limited to Mr. Valle's application for leave to file a successive § 2255.

## **ARGUMENT**

### I. THE SECOND CIRCUIT MOTION SEEKING LEAVE TO FILE A SUCCESSIVE § 2255 MOTION DOES NOT DIVEST THIS COURT OF JURISDICTION.

#### A. The Issue Before The Second Circuit Is Different Than The Issue Before This Court

The Second Circuit has held that "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (italics in original); *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("The divestiture of jurisdiction rule is, however, not a per se rule."). "The divestiture of jurisdiction rule… is a judicially crafted rule rooted in the interest of judicial

---

[1] After the Second Circuit assigned a docket number for Mr. Valle's motion to file a successive § 2255 motion as a result of this Court's Transfer Order (Dkt. 738), on June 29, 2020, Mr. Valle also filed a motion in the Second Circuit seeking the same relief, leave to file a successive § 2255 motion. (2d Cir. Case No., 20-591, Doc. 24.)

economy, designed to avoid confusion or waste of time resulting from having the same issues

before two courts at the same time." *Outen*, 286 F.3d at 632 (internal citations and quotations

omitted); *Rodgers*, 101 F.3d at 251 ("Hence, [the divestiture of jurisdiction] application is guided

by concerns of efficiency and is not automatic.")

      "As a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal.'" *Rodgers*, 101 F.3d at

251 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "District

judges retain authority over questions not presented by the appeal and may take steps that do not

present risks of duplicative action." *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990);

*United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) ("even after the appeal is filed the district

court retains authority to decide matters not inconsistent with the pendency of the appeal.").

      In determining whether this Court has jurisdiction, the guidepost is whether the issue

pending on appeal (leave to file a successive § 2255 motion) and in this Court (compassionate

release) may result in duplicative or inconsistent action. It would not. As conceded by the

Government, Mr. Valle's open docked in the Second Circuit only seeks "leave to file a

successive 28 U.S.C. § 2255 motion." (Dkt. at 1.) Even if Mr. Valle is successful on appeal, the

mechanics of 28 U.S.C. § 2244(b)(3)(A) will result in the Second Circuit issuing "an order

authorizing the district court to consider the" § 2255 motion. To state the obvious, Mr. Valle's

motion in the Second Circuit presents no risk of duplicative action. Even if Mr. Valle's motion in

the Second Circuit for leave to file a successive § 2255 motion is granted, the matter will be back

before this Court to consider the merits of the successive § 2255 motion. There will be no

inconsistent outcomes between this Court and the Second Circuit.

In *Calaff v. Capra*, 2017 WL 416935 (S.D.N.Y. 2017), after the district court denied a writ of habeas corpus, the petitioner moved for a certificate of appealability pursuant to 28 U.S.C. §§ 2253(c)(1)(A) and (2). Because "[p]etitioner filed the motion with this Court three days before filing a notice of appeal with the Second Circuit… the Government argue[d] that once Petitioner filed the notice of appeal, the Second Circuit had jurisdiction over the case" divesting the district court of jurisdiction. *Id*. at *1. The court rejected this argument and held:

> Circuit Court case law indicates that the notice of appeal did not strip [the district court judge] of the authority to issue a CPC. The concern animating this rule is that the two courts might take duplicative action. However, that concern is not present here as the Second Circuit will not rule on the [certificate of appealability] issue without a prior ruling from the district court.

*Id*. (internal citations and quotations omitted).

In *Calaff*, the court perceived the Second Circuit's inability to rule on an appeal of a § 2255 motion without a prior ruling from the district court on the certification of appealability issue. *Id*. Similarly here, the Second Circuit is not able to modify Mr. Valle's sentence before granting him leave to file a successive § 2255 motion, and only after losing his § 2255 motion in this Court may the Second Circuit review his § 2255 motion. The Government is erroneously arguing that "Defendant's pending 2255-related motion before the Second Circuit divests this Court of its ability to modify the Defendant's sentence." (Dkt. 749 at 6.) We are two steps short of the Second Circuit being able to modify Mr. Valle's sentence – first, Mr. Valle must obtain leave to file a successive § 2255 motion, and, then, Mr. Valle must receive a certificate of appealability.

### B.  A "Notice Of Appeal" Has Not Been Filed With The Clerk Of The Court

The Government contends that Federal Rule of Criminal Procedure 37 divests this Court

of jurisdiction to entertain Mr. Valle's compassionate release motion. (Dkt. 749 at 3-4.) Since

Mr. Valle did not file a Notice of Appeal, Rule 37 is inapplicable.

Federal Rule of Criminal Procedure 37(a) provides:

> Relief Pending Appeal. If a timely motion is made for relief that
> the court lacks authority to grant because of an appeal that has
> been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals
> remands for that purpose or that the motion raises a substantial
> issue.

Federal Rules of Appellate Procedure, Rule 12(a) provides:

> Docketing the Appeal. Upon receiving the copy of the notice of
> appeal and the docket entries from the district clerk under Rule
> 3(d), the circuit clerk must docket the appeal under the title of the
> district-court action and must identify the appellant, adding the
> appellant's name if necessary.

For Rule 37 to apply, an appeal must have been "docket[ed]." Fed. R. Crim. P. 37. An

appeal is "docketed" when the "notice of appeal" is received by the district clerk. Fed. R. App.

Pro.12.  By virtue of Mr. Valle's failure to file a "notice of appeal," an appeal was never

"docketed" under the meaning of Rule 37(a). To reiterate, Mr. Valle seeks leave from the Second

Circuit to file a successive § 2255. (Dkt. 738.) Mr. Valle is not before the Second Circuit through

a Notice of Appeal that seeks review of a prior order of this Court. Contrary to the Government's

proposition, an open docket in the Second Circuit does not, in and of itself, trigger Rule 37. *See*

*Fed. Ins. Co. v. United States*, 882 F.3d 348, 362 (2d Cir 2018) (holding in context of restitution,

"mandamus [in the Second Circuit] is not an appeal, a petition requesting such relief generally does not oust the district-court's jurisdiction to carry on with its own proceedings.").[2]

Because Mr. Valle is before the Second Circuit on an application for leave to file a successive § 2255 motion, this Court has jurisdiction to consider the § 3582(c) compassionate release motion. *See United States v. Fields*, 2020 WL 2744109, at *1, FN1 (D. Alaska May 6, 2020) (holding "[b]ecause the issues presented in the § 2255 appeal and the instant motion are factually and legally distinct, the Court concludes that it retains jurisdiction over Fields' compassionate release motion").


### C. Alternatively, The Court Should Issue An Indicative Ruling In Favor Of Release

Assuming *arguendo* that an appeal is pending in the Second Circuit, under Federal Rule of Criminal Procedure 37(a), the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Crim. P. 37(a)(1)-(3).

The Government asks this Court to deny the compassionate release motion under Rule 37(a)(2). (Dkt. at 6.)  Mr. Valle respectfully submits that the Court issue an indicative ruling "stat[ing] either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue" pursuant to Rule 37(a)(3). *See*, *e.g*., *United States v. Valencia*, 2020 WL 1974233, at *2 (S.D.N.Y. Apr. 24, 2020) (issuing indicative ruling, "hold[ing] that it lacks jurisdiction to decide Valencia's [compassionate release] motion at this time, but that 'the motion raises a substantial issue.' Fed. R. Crim. P. 37(a)(3).").

---

[2] In *United States v. Taher*, 2020 WL 3481449 (W.D.N.Y. June 26, 2020), cited by the Government (Dkt. at 3-4), the defendant "filed a Notice of Appeal" *Id*. at *2. Similarly, in *United States v. Martin*, 2020 WL 1819961 (S.D.N.Y. Apr. 10, 2020), cited by the Government (Dkt. 3-4), the defendant also "filed a notice of appeal to challenge his sentence." *Id*. at *1. Thus, the cases relied by the Government are inapposite.

## II.     THE SECTION 3553(A) FACTORS WEIGH IN FAVOR OF RELEASE.

### A.  Mr. Valle's Rehabilitative Measures Subsequent To Sentencing Weigh In His Favor

The Government contends that "[t]he same Section 3553(a) factors" considered by the sentencing judge continue to justify "that sentence today." (Dkt. 749 at 6.) The Government heavily relies on the *same Section 3553(a) factors* relied upon by the sentencing judge without considering Mr. Valle's rehabilitative measures while incarcerated.

Mr. Valle's rehabilitative measures *subsequent* to his sentencing on February 21, 2014 must also be relied upon in considering his compassionate release, not only the conduct upon which he was sentenced. *See Pepper v. United States*, 562 U.S. 476, 490-93 (2011) (holding that court should consider postsentencing conduct under Section 3553(a)); *see also United States v. Pena*, 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020) (noting sentence that "was at the time sufficient" may no longer be "necessary to achieve the purposes of sentencing").

Mr. Valle's prior convictions, resulting in his "career offender" designation pursuant to U.S.S.G § 4B1.1, stemmed from his drug addiction. Mr. Valle has been sober since his incarceration in 2013. While incarcerated, Mr. Valle has completed 114 hours of course credits in Alcoholism and Substance Studies. (Exh. "C" to moving Mem.) Subsequent to sentencing, Mr. Valle has completed a total of 890 hours of course credits, was awarded a GED and a Legal Assistant/Paralegal Diploma, while in BOP custody. (Exh. "C" and "D" to moving Mem.) *See* 18 U.S.C. § 3553(a)(2)(D) (requiring courts to consider a defendant's need for "educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The compassionate release statute specifically requires courts to "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). If courts would only consider the Section 3553(a) factors as they existed at sentencing, Section 3582(c)(1)(A)'s requirement to

evaluate Section 3553(a) factors would be eviscerated and impossible to satisfy. Such a narrow

reading of the statute would discourage inmates to engage in educational or rehabilitative

measures while incarcerated. Inmates should be rewarded for their rehabilitative efforts.

### B.  Mr. Valle Having Served The Majority Of His Sentence Weighs In His Favor

The Government does not dispute that Mr. Valle has already served the majority of his

sentence, but nevertheless contends that because Mr. Valle only served "little over 9 years of his

approximately 12.5 year sentence" reduction should not be granted as "Defendant still has

approximately 3.5 years to serve." (Dkt. 749 at 7.)

Courts have, however, repeatedly granted compassionate release motions to inmates who

have had more than three years left to serve on their sentence. *See United States v. Carter,* No.

1:16-cr-156, No. 48 (D.D.C. June 10, 2020) (served 48 months of 80 month sentence for sex

offenses; 76 years old, tested positive for COVID but asymptotic and no other documented

health issues); *United States v. Peterson*, No. 7:12-cr-15-IBO, ECF No. 63 (E.D.N.C. June 4,

2019) (granting compassionate release of defendant who served approximately 91 months of his

132-month prison sentence); *United States v. Kelley*, 2020 WL 2850280, (N.D. Cal. June 2,

2020) (served 49 months of 120 month sentence); *United States v. Somerville*, 2020 WL

2781585 (W.D.Pa. May 29, 2020) (granting compassionate release of defendant vulnerable to

COVID-19 and reducing 15 year ACCA sentence to approximately 8 years); *United States v.

Brown*, No. 2:18-cr-00360-KOB-JEO, ECF No. 35 (N.D. Ala. May 22, 2020) (granting Section

3582(c)(1)(A) motion and reducing 60-month sentence to 11 months time served for defendant

suffering from asthma who tested positive for COVID-19); *United States v. Galloway*, 2020 WL

2571172, at \*1, \*4 (D. Md. May 21, 2020) (reducing 235-month sentence to time served for

defendant who "served almost 10 years" pursuant to Section 3582(c)(1)(A) based on defendant's

debilitated condition); *Loyd v. United States*, 2020 WL 2572275 (E.D. Mich. May 21, 2020)

(defendant with a 10-year mandatory minimum sentence for drug trafficking was granted

compassionate release after 3 years in BOP); *United States v. Parker*, 2020 WL 2572525, at *14

(C.D. Cal. May 21, 2020) (reducing life sentence to approximately 22 years, time served for 65-

year-old defendant experiencing deteriorating health and particularly susceptible to COVID-19

due to several conditions resulting from the aging process); *United States v. Barber*, 2020 WL

2404679 (D. Or. May 12, 2020) (served 8.5 months out of 60-month mandatory minimum

sentence); *United States v. Barrenechea*, 2020 WL 2315638, at *1 (N.D. Cal. May 7, 2020)

(granting compassionate release and reducing life sentence to 332 months time served for

defendant with increased risk of illness from COVID-19); *United States v. Delgado*, 2020 WL

2464685, at *1, *4 (D. Conn. Apr. 30, 2020) (reducing 120-month sentence to 29 months time

served pursuant to Section 3582(c)(1)(A) for defendant "at high risk for serious complications

due to COVID-19"); *United States v. Winston*, No. 1:13-cr-00639-RDB, ECF No. 295 (D. Md.

Apr. 28, 2020) (granting compassionate release based on defendant's serious medical conditions

and vulnerability to COVID-19 and reducing 120-month sentence to 36 months time

served); *United States v. Handy*, 2020 WL 2041666, at *1, *4 (D. Md. Apr. 28, 2020) (granting

compassionate release and reducing 360-month sentence to 227 months time served for inmate

with debilitated medical condition due to stroke); *United States v. Defendant(s)*, 2020 WL

1864906 (C.D. Cal. Apr. 13, 2020) (served roughly 260 months out of 877-month stacked

sentence, when unstacking alone would have reduced sentence to 337 months); *United States v.

Almontes*, 2020 WL 1812713, at *1, *7 (D. Conn. Apr. 9, 2020) (reducing 262-month sentence

to approximately 15 years time served pursuant to Section 3582(c)(1)(A) due to concern that

defendant would not get necessary medical attention during COVID-19 pandemic); *United States*

11

*v. Williams*, No. 3:04-cr-00095-MCR-CJK, ECF No. 91 (N.D. Fla. Apr. 1, 2020) (granting compassionate release of defendant who served 15 years of life sentence to aging prisoner with medical issues making him vulnerable to COVID-19); *United States v. Scott*, No. 7:98-cr-00079-BO, ECF No. 317 (E.D.N.C. Feb. 5, 2020) (reducing 652-month sentence to 299 months time served for 73-year-old defendant with deteriorating health); *United States v. Davis*, 2020 WL 1083158, at *1 (D. Md. Mar. 5, 2020) (granting compassionate release and reducing life sentence to 221 months time served for 79-year-old defendant requiring chronic care); *United States v. Mitchell*, No. 4:09-cr-00026-RH-CAS, ECF No. 144 (N.D. Fla Feb. 3, 2020) (granting compassionate release of defendant with end-stage renal disease who served 10 years of 20-year prison sentence).

### C.  Mr. Valle Being Convicted Of Conspiracy Weighs Against A Finding Of Violence

In opposition, the Government discusses Mr. Valle's "'critical role… in the terrifying and violent robbery plot that gave rise to this case.'" (Dkt. 749 at 1, quoting the Government's sentencing submissions, Doc. No. 340 at 9.) We submit that Mr. Valle's participation in the Hobbs Act robbery conspiracy does not rise to the same degree of violence as his codefendants.

Courts have granted compassionate release motions to career offenders and inmates convicted of crimes of violence. *See United States v. Brown*, No. 2:18-cr-00360-KOB-JEO, ECF No. 35 (N.D. Ala. May 22, 2020) (granting compassionate release of defendant convicted of use of a firearm in connection with drug trafficking); *United States v. Parker*, 2020 WL 2572525, at *14 (C.D. Cal. May 21, 2020) (granting compassionate release, notwithstanding defendant's "leadership of a drug distribution network his abuse of a position of trust, and his submitting a false tax return," and fact that offense involved weapon);  *Pena*, 2020 WL 2301199, at *1 (granting compassionate release of defendant who helped to organize an armed robbery); *United*

*States v. Almontes*, 2020 WL 1812713, at *1 (D. Conn. Apr. 9, 2020) (granting compassionate release of defendant with drug and Section 924(c) conviction, who had been deemed a "career offender" based on prior assault and robbery convictions); *United States v. McCarthy*, 2020 WL 1698732, at *1 (D. Conn. Apr. 8, 2020) (granting compassionate release of defendant convicted of armed bank robbery); *United States v. Williams*, No. 3:04-cr-00095-MCR-CJK, ECF No. 91 (N.D. Fla. Apr. 1, 2020) (finding compassionate release appropriate for defendant convicted of armed bank robbery and brandishing a firearm during a crime of violence who had a prior criminal history including "six prior convictions for armed bank robbery and three prior convictions for bank robbery"); *United States v. Rodriguez*, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020) (granting compassionate release of defendant whose "criminal history involve[d] a series of convictions for drug dealing" and case involved firearms offenses); *Scott*, No. 7:98-cr-00079-BO, ECF No. 317 (E.D.N.C. Feb. 4, 2020) (granting compassionate release of defendant serving a lengthy sentence for Hobbs Act robbery and multiple counts of using and carrying a sawed-off shotgun and other firearms during and in relation to crimes of violence); *United States v. Mitchell*, No. 4:09-cr-00026-RH-CAS (N.D. Fla. Feb. 3, 2020) (granting compassionate release of defendant who pled guilty to possessing a firearm in furtherance of drug distribution offense and was sentenced as an armed career criminal); *United States v. Peterson*, No. 7:12-CR-15-IBO, ECF No. 63 (E.D.N.C. June 4, 2019) (granting compassionate release of defendant whose offenses included discharging a firearm in the furtherance of a drug trafficking offense; *United States v. DeWilliams*, No. 1:99-cr-120-REB (D. Colo. June 15, 2020).

**D.  The BOP Cannot Adequately Protect Mr. Valle, A Vulnerable Inmate**

The Government alleges that the BOP has implemented an adequate response plan to protect Mr. Valle from Covid-19. (Dkt. 749 at 7-10.)[3] We respectfully submit that the BOP's response plan is inadequate. In granting compassionate release, courts in this district and throughout the United States (as cited in our moving papers and herein) have explicitly and implicitly rejected the BOP's response plan and recognized that the BOP is not adequately protecting vulnerable inmates from the spread of Covid-19. It is undisputed that in prison Mr. Valle cannot take basic preventive actions, such as avoiding crowds, staying six feet away from others, keeping surfaces disinfected, and frequently washing his hands or using hand sanitizer in accordance with the CDC guidelines.

The fact that the BOP has implemented a plan whereby, to this day, social visits are suspended, and inmates' internal movement are limited, as conceded by the Government (Dkt. 749 at 9-10), supports Mr. Valle's contention that the threat posed by Covid-19 is not yet over.

In fact, West Virginia counties are now starting to be affected by the spread of Covid-19. On July 13, 2020, the Governor of Monongalia County, West Virginia, ordered that all bars within that county be closed for 10 days, and only issued an order for mandatory indoor masks last week.[4]

The fact that at FCI Gilmer, where Mr. Valle is housed, there are currently no staff or inmates who tested positive for Covid-19 (Dkt. 749 at 10) is of no moment. Courts have repeatedly released inmates vulnerable to Covid-19 from facilities with no Covid-19 positive cases. *See United States v. Feucht*, No. 11-cr-60025, ECF. No. 53 (S.D. Fla. May 28, 2020)

---

[3] Notably, "[t]he Government does not dispute that the Defendant… satisfied the 'extraordinary and compelling reason' threshold because he is at an increased risk of suffering severe illness from COVID-19 given his medical conditions." (Dkt. 749 at 6.)

[4] https://www.wowktv.com/news/west-virginia/gov-justice-closes-monongalia-county-bars-amid-covid-19-spike/ (last viewed July 20, 2020).

(granting compassionate release despite no confirmed cases at FCI Jessup because "[z]ero confirmed cases is not the same thing as zero COVID-19 cases" (citation omitted)); *United States v. Atkinson*, 2020 WL 1904585, **2-4 (D. Nev. Apr. 17, 2020) (granting compassionate release to defendant Atkinson, notwithstanding that FCP Atwater where he was housed had seen no cases of COVID-19 because the realities of prison life make it impossible for medically vulnerable inmates like Mr. Atkinson to follow CDC guidelines to protect themselves in the face of COVID-19); *United States v. Amarrah*, 2020 WL 2220008 (E.D. Mich. May 7, 2020) (releasing medically vulnerable inmate from FCI Loretto, despite no reported COVID-19 cases at the facility, because he could not adequately protect himself in line with CDC guideline); *United States v. Ben-Yhwh*, 2020 WL 1874125 (D. Haw. Apr. 13, 2020); *United States v. Asaro*, 2020 WL 1899221 (E.D.N.Y. April 17, 2020) ("absent more information about how much testing the BOP is conducting, it is possible that undetected cases are present in the facility"); *United States v. Burrill*, 2020 WL 1846788, at *4 (N.D. Cal., April 10, 2020) ("Prison conditions mean incarcerated individuals, as well as society as a whole, are safer the more defendants are released.").

## CONCLUSION

In light of the foregoing reasons, and the reasons set forth in the moving memorandum, we respectfully submit that the Court issue an Order granting Mr. Valle's compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and immediately release him from custody of the Bureau of Prisons, or, alternatively, release him to home confinement with conditions as the Court deems just and proper.

Dated:  Brooklyn, New York
       July 20, 2020

                            Respectfully submitted,

                            LAW OFFICES OF
                            MICHAEL MULLEN

                            By:   /s/ Leopold Gross    
                                    Michael T. Mullen
                                    Leopold Gross
                            26 Court Street, Suite 1200
                            Brooklyn, New York 11242
                            Tel. (718) 989-2444
                            *Attorneys for Defendant*
                            *Jancey Valle*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, I caused the electronic filing of a true and correct copy of the foregoing Reply Memorandum of Law upon the Clerk of this Court using the CM/ECF system, which then caused the notification of such filing to all counsel entitled to such notice, including counsel for the United States.

Dated: July 20, 2020
        Brooklyn, New York

                                                    /s/ Leopold Gross
                                                    LEOPOLD GROSS